IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| COREY DEON LYLES, | : |
| Plaintiff, | : |
| v. | : Case No. 4:18-cv-00196-CDL-MSH |
| TALBOT COUNTY SUPERIOR COURT CLERK, *et al.*, | : |
| Defendants. | : |

# ORDER

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Corey Deon Lyles filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983, and he requests to proceed without prepayment of the Court's filing fee. Plaintiff's motion to proceed *in forma pauperis*[1] (ECF No. 8) is **GRANTED**, however, his Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

I. **Motion to Proceed In Forma Pauperis**

28 U.S.C. § 1915 allows the district courts to authorize the commencement of a civil action without prepayment of the normally-required fees upon a showing that the plaintiff is indigent and financially unable to pay the filing fee. A prisoner seeking to proceed *in forma pauperis* under this section must provide the district court with both (1) an affidavit

---

[1]Plaintiff's first motion to proceed *in forma pauperis* (ECF No. 2) is redundant and **DENIED** as moot.

in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(a)(1)-(2).

In this case, Plaintiff's pauper's affidavit and inmate account statement show that he is currently unable to prepay the Court's $350.00 filing fee. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 8) is thus **GRANTED**. Plaintiff, however, is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. It is accordingly requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's Complaint (or any part thereof) is dismissed prior to service.

A. Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the PLRA, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in

the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

B. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so.

II. **Preliminary Review of Plaintiff's Complaint**

A. Standard of Review

Because Plaintiff is a prisoner proceeding under section 1983 and seeks to proceed *in forma pauperis* in this action, his complaint is subject to screening under 28 U.S.C. §§ 1915(e) & 1915A which require a district court to dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.[2] When conducting

---

[2]The Eleventh Circuit determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if

a preliminary review, the district court must accept all factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (stating that allegations in the complaint must be viewed as true). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* complaint is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

To state a viable claim, the complaint must include "enough factual matter" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There must also be "enough facts to raise a reasonable expectation that discovery will reveal evidence" to prove the claim. *Id*. at 556. The claims cannot be speculative or based solely on beliefs or suspicions; each must be

---

the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002).

supported by allegations of relevant and discoverable fact. *Id.* Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (noting that claims are frivolous if "clearly baseless" or based upon "indisputably meritless" legal theories).

    C. Plaintiff's Allegations

The events underlying this lawsuit concern Plaintiff's November 2010 conviction and sentence in the Superior Court of Talbot County, Georgia. According to Plaintiff, "the head clerk of Talbot County Superior Court as of 2018 sent false documents stating a sentence that [Plaintiff] never received." Recast Compl. 5, ECF No. 7. The documents state that Plaintiff received a fifty-year sentence, but "[he] was never sentenced to fifty years in that court." *Id.* Plaintiff learned of the incorrect sentence in September 2018, presumably while he was confined in the Marion County Jail. *Id.* Plaintiff also alleges that his "conviction was overturned due to due process violations. [Plaintiff] was told this by Eric Weils." *Id.* Plaintiff seeks compensation for false imprisonment by the sheriff's department in 2018 and asserts that he suffered mental and emotional distress from "the los[s] of time and family and life." *Id.*

        i.    *Talbot County Clerk of Court*

Plaintiff's allegations are confusing and disjointed. It is unclear what relationship, if any, his claims against the Clerk of Court of Talbot County Superior Court have to Plaintiff's claims against the Marion County Sheriff's Office. This Court's best guess is that Plaintiff alleges that the clerk of court recorded the wrong sentence or transmitted documents to the Georgia Department of Corrections which reflected the wrong sentence, and Plaintiff learned of the mistake in 2018 while he was confined in the Marion County Jail. The only discernable constitutional injury supported by Plaintiff's allegations against the clerk of court would, therefore, be based on Plaintiff's incarceration beyond that authorized by his correct sentence. Plaintiff, however, does not explicitly allege that he was injured by the clerk's actions or incarcerated beyond the period authorized by his sentence.

At the time Plaintiff filed the instant Complaint, Plaintiff had served approximately eight years of the twenty-five years of confinement he was sentenced to in Talbot County.[3] It therefore does not appear that the "false documents" resulted in Plaintiff's illegal over-detention.[4] It is also unclear how Plaintiff could be harmed in the future by the false

---

[3]Plaintiff alleges he was sentenced in the Superior Court of Talbot County on November 21, 2010, to thirty years, with twenty-five years to be spent incarcerated. Recast Compl. 1, ECF No. 7.

[4]On the same date Plaintiff filed this lawsuit, he filed a petition for writ of habeas corpus contesting his 2010 Talbot County conviction. *See Lyles v. Sprayberry*, 4:18-cv-00204-CDL-MSH (M.D. Ga. filed Sept. 22, 2018). To the extent that his conviction remains valid, Plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. If a

documents, as he alleges his conviction has been overturned. Consequently, Plaintiff's allegations do not support a plausible inference that the clerk of court caused Plaintiff a constitutionally recognized injury.

Furthermore, even if Plaintiff does allege that he suffered over-detention due to the "false documents," he has still failed to state a claim for relief against the Talbot County clerk. The Eleventh Circuit Court of Appeals recognizes that the Due Process Clause of the Fourteenth Amendment guarantees the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Cannon v. Macon Cty., Ala.*, 1 F.3d 1558, 1563 (11th Cir. 1993). To establish a § 1983 claim based on over-detention, a "plaintiff[] must show that defendants acted with deliberate indifference to plaintiff['s] due-process rights." *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007) (citing *Cannon*, 1 F.3d at 1562-63); *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009) (per curiam). Human error does not amount to deliberate indifference. *Tillman,* 496 F.3d at 1327. Instead, Plaintiff must show that the Defendants had subjective knowledge of a risk of serious harm (that Plaintiff was held in excess of his

---

favorable judgment would render a conviction or sentence invalid, the claim is not cognizable under § 1983 and must be dismissed unless the conviction or sentence has been invalidated. *Id*. A successful suit demonstrating that Plaintiff's sentence is incorrect and twenty-five years shorter would necessarily impact the duration of his confinement. *See e.g. Hyland v. Kolhage*, 158 F. App'x 194, 196 (11th Cir. 2005) (per curiam) (noting that plaintiff asserting that the clerk of court incorrectly recorded him terms of probation would be barred by *Heck* if brought prior to invalidation of the challenged conviction or sentence); *Glenn v. Pa. Bd. of Prob. & Parole*, 410 F. App'x 424, 425-26 (3d Cir. 2011) (per curiam) (holding that plaintiff's claim that he was imprisoned past his release was *Heck* barred).

sentence) and disregarded that risk by conduct that is more than mere negligence. *Id.* (quoting *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003)).

Plaintiff's vague and cryptic allegations that the clerk of court sent "false documents" are insufficient to establish that she acted with deliberate indifference. Plaintiff does not explain what "false documents" were sent and where, what the documents were, and Plaintiff does not allege that the clerk of court intentionally altered the documents to reflect an incorrect sentence. Indeed, Plaintiff has failed to allege, even in conclusory terms, that the clerk of court knew that the documents contained the incorrect sentence or were false. As such, Plaintiff has failed to state a claim for relief against Defendant "head clerk of Talbot county superior court as of 2018." *See e.g. Burch v. Atlanta City Court*, 729 F. App'x 914, 915 (11th Cir. 2018) (per curiam) (affirming *sua sponte* dismissal of complaint where plaintiff failed to plead facts demonstrating that his erroneous detainment resulted from actions that "went beyond mere negligence"); *White v. DeKalb Cty.*, 665 F. App'x 795, 798-99 (11th Cir. 2016) (per curiam) (affirming dismissal of over-detention claim because plaintiff failed to allege that defendants intentionally confined plaintiff past his release date).

      ii.    *Defendant Marion County Sheriff's Office*

Plaintiff's allegations are also insufficient to state a plausible claim for relief against Defendant Marion County Sheriff's Office as it is not an entity amenable to suit in a civil rights lawsuit brought under 42 U.S.C. § 1983. "Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits." *Falkner v.*

*Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 700-701 (11th Cir. 2013) (per curiam) (citing *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)); *Robinson v. Hogansville Police Dep't*, 159 F. App'x 137, 138 (11th Cir. 2005) (per curiam) ("Under Federal Rule of Civil Procedure 17(b), the 'capacity to sue or be sued [is] be determined by the law of the state in which the district court is held.'"). Because the events underlying this action occurred in Georgia, Georgia law determines the capacity to be sued, and "the state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." *Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (per curiam) (quoting *Ga. Insurers Insolvency Pool v. Elbert Cty.*, 258 Ga. 317 (1988)).

The Marion County Sheriff's Office is not a natural person, an artificial person, or a quasi-artificial person. *See Dean*, 951 F.2d at 1214 ("Sheriff's departments and police departments are not usually considered legal entities subject to suit.") (citations omitted); *Lawal v. Fowler*, 196 F. App'x 765, 765 (11th Cir. 2006) (per curiam) (affirming dismissal of complaint because only named defendant, Douglas County Sheriff's Department, lacked the capacity to be sued). It thus lacks the capacity to be sued in a § 1983 action. Furthermore, even if the sheriff's department was a competent Defendant, Plaintiff's allegations against it are entirely conclusory. Consequently, Plaintiff has failed to state a claim for relief against the Marion County Sheriff's Office.

### III. Conclusion

Pursuant to the above, Plaintiff's Complaint is **DISMISSED without prejudice** for

failure to state a claim upon which relief may be granted.

**SO ORDERED** this **8th** day of **January, 2019**.

                                                s/Clay D. Land
                                                  CLAY D. LAND
                                                  CHIEF U.S. DISTRICT COURT JUDGE
                                                  MIDDLE DISTRICT OF GEORGIA